## N. Y. COMMON PLEAS.

### THE EXCHANGE FIRE INSURANCE Co. agt. MARTIN J. EARLY and others.

*Referees must be sworn before proceeding to hear testimony — mortgage fore-closure — infant defendant — answer — failure to appear at the trial — Code of Civil Procedure, section 1016.*

Where a reference is ordered pursuant to sections 1008 to 1015, both inclusive, of the Code of Civil Procedure, the referee *must* take the oath prescribed by section 1016 before proceeding to hear the testimony, unless it be expressly waived as therein provided.

The failure to take such oath, *held*, to be such an irregularity as to require the setting aside of all proceedings had before such referee.

It seems that this section applies to every case where the referee is required to determine any question whatever, even to determine the amount due upon a mortgage.

Whether a referee appointed pursuant to Rule 63 *must* take the oath prescribed in section 1016, *quære.*

In an action to foreclose a mortgage where the defendant interposed an answer which put in issue the material allegations of the complaint, and on the trial he failed to appear:

*Held*, that the failure of the defendant to appear did not affect the issues raised by the answer; and where an issue is raised by the answer, it must be tried by the court or the issue must be referred. The inquest *must* be taken by the court if the defendant fail to appear at the trial. If not so taken the *whole* issue should be referred.

*Special Term, January,* 1878.

MOTION by infant defendant for order directing a resale of the mortgaged premises on two grounds :

*First.* For irregularity in the judgment, in that the referee to whom it was referred " to examine the plaintiff or his agent on· oath as to any payments which have been made for or on

account of the bond and mortgage mentioned in the complaint, to take proof of the facts and circumstances stated in the complaint, and to compute the amount due," did not take the oath prescribed by the Code of Civil Procedure (*sec.* 1016); and, *second*, for inadequacy of price upon the sale.

There is an infant defendant whose answer raised no issue; but the defendant, Martin J. Early, interposed an answer which put in issue the material allegations of the complaint; he made default when the cause was called for trial, and therefore the court made the above order of reference. The referee failed to take the oath prescribed by section 1016 of the Code. He reported all the facts in plaintiff's favor, and the amount due and judgment of foreclosure and sale was entered. The property was sold for a sum which is said by witnesses on one side to be little more than half its value and by witnesses on the other side to be very nearly its full value.

*Wilber Shaw,* for infant defendant, Margaret A. Early, and defendant, Martin J. Early. Section 1015 provides that the court may direct a reference to take an account and report to the court thereon, either with or without the testimony, after interlocutory or final judgment, *or when it is necessary to do so, for the information of the court, and also to determine and report upon a question of fact arising in any stage of the action upon a motion or otherwise,* except upon the pleadings (*As to questions arising upon the pleadings, see sec.* 1013). Sections 1011, 1012, 1013 and 1015 provide for a reference in every case where a reference can be required in any action or proceeding, and the reference mentioned in section 1215 is provided for in section 1015. Under section 1016 a referee appointed as prescribed in either of the foregoing sections (1011, 1012, 1013, 1015) of this title *must,* before proceeding to hear the testimony, be sworn faithfully and fairly to try the issues or to determine the questions referred to him, as the case requires, and to make a just and true report, &c. We submit that this section applies to

The Exchange Fire Insurance Co. agt. Early.

every case where the referee is required to determine any question whatever, even to determine the amount due on a mortgage. The complaint alleges that certain persons made certain mortgages ; that the mortgagors afterward died, leaving certain heirs ; that the mortgagees assigned the mortgages to certain persons, who afterwards died, and that certain persons were executors of their last will, and that those executors sold said mortgages to the plaintiff ; that a certain sum, including interest over and above all payments, is due. The infant having put in the general answer, it is referred to a referee to determine all those facts, and in order to do so, he is required to determine what evidence is necessary to establish each of those facts, to weigh the evidence offered and determine its sufficiency ; and he is required to take proofs as to any payments and to take an account thereof. In doing all these acts he acts judiciously. He is a judge. He decides as to the facts and reports those facts to the court, and if the proceeding was in the nature of an inquest, some of the parties being absent, that fact makes it more necessary that the oath be taken. Juries are always sworn when inquests are taken before them, and section 1016 only permits a waiver of the oath when all the parties are present and of age. The defendant, Martin J. Early, also put in an answer containing a general denial, but when the case was called in court a default was entered against him, but that did not dispose of the answer ; it was necessary to take an inquest and that is a trial and it was referred for that purpose. The infant did not waive the oath by neglecting to object at the time. There is no way provided whereby an infant or his guardian can expressly or otherwise waive the oath. A guardian *ad litem* cannot waive any thing ; he is bound to object to every irregularity and the court will, at all times, where there are infant parties, see that all the proceedings are regular and fair and that the rights of such infant are protected. The object in requiring the referee to take the oath is to compel him to act honestly and carefully. Great powers are give him ; he is for the time

being a judge and for him to proceed without taking the oath in violation of the law is something more than an irregularity. The law wisely requires the oath and it is a matter of substance and not a mere irregularity for him to proceed without taking it, therefore sections 721 and 722 do not apply, as those sections are intended to apply to such irregularities in practice as do not and cannot in any manner affect the rights of the parties.

*C. W. Bennett,* for plaintiff, argued that the referee in *foreclosure cases is not* required by the Code of Civil Procedure to take the oath. The oath is required only in actions arising under title 2, chapter 10, entitled " *Trials without a Jury* " (*secs.* 1011, 1013 *and* 1015), and by 1016 a referee appointed as *prescribed in either of those sections* must take the oath. Sections 1011 and 1013 refer solely to actions in which *issues* are joined, and if section 1015 cannot be construed to require such oath, then no oath is necessary. Section 1015 only refers to compulsory references incidentally arising on trial by jury, *where issue is joined,* for the information of the court, or after interlocutory or final judgment and therefore has clearly no reference to foreclosure cases. By title 1, chapter 11, article 2, entitled " Mode of TAKING, entering and enforcing a JUDGMENT " (*sec.* 1212, *parg.* 2): If the defendant has made default in appearing or pleading, and the case is not one where the clerk can enter final judgment  *  *  *  the plaintiff must apply to the court for judgment. By section 1216 the court may make a computation, or refer the matter to take an account or proof of facts for the purpose of enabling it to render judgment or direct a reference for such purpose. *These sections do not provide for any oath to be taken by the referee.* Here, then, we have a clear and explicit statute intended to cover foreclosure actions, and the statute by which we are to be governed in this action. There is no issue involved in this action. It has been put to the referee to take the usual proof to enable the

court to render judgment and in such case no oath is required. He also argued that by sections 721, 722 and 723, under title *mistakes, omissions, defects and irregularities,* if the referee be held, in all cases to be required to take the oath prescribed by section 1016, the defect of not having taken the oath may be cured by filing the same *nunc pro tunc.* The referee may swear in addition to the usual oath, that he has faithfully heard and determined the matter and rendered a just and true report thereon. It seems, by the sections quoted, that such amendment must be granted.

*Samuel Riker,* attorney for purchaser, argued that the new Code does not require a referee to whom a foreclosure action is referred to compute amount due, take proof of facts and examine plaintiff on oath as to payment, there being no issues to be sworn, citing chapter 11, title 1, article 2, entitled *mode of taking, entering and suppressing a judgment (secs.* 1214, 1215, 1216). In notes to Mr. Throop's edition of the new Code these sections (1214, 1215 *and* 1216) are stated to be substitutes for Code of Procedure (*sec.* 246, *subds.* 2 and 3, *which see*). None of these sections, whether of the old or new Code, require the referee to be sworn. The old Code did not provide nor does the new Code provide for *the course of procedure on application for judgments in foreclosure cases where infants are defendants,* who have put in answers *not raising issues* but *merely alleging infancy,* and submitting their rights to the protection of the court. The rule of the supreme court points out the course to be pursued (*vide Rule* 72 [1874], *Rule* 63 [1878] ). The referees, under Rule 72, were never sworn, and neither that rule nor Rule 63, requires them to be sworn. The ordinary reference in a foreclosure suit (*where there are no issues*), is not embraced in references under sections 1011, 1012, 1013, 1014 and 1015 (in which the referee must be sworn, *sec.* 1016), but is provided for by section 1215, and the rule (63) of the supreme court, which does not require him to be sworn. There was,

therefore, no irregularity or defect. If, however, the court should hold a contrary opinion and determine that the referee ought to be sworn, then it is contended that the infant defendant has not been prejudiced by the neglect or default of the referee to take the oath, and the report and judgment and sale should not be impaired or affected by reason of such neglect or default ( *Vide sections 722, 723 and 724 as to supplying omissions, disregarding defects, &c.*).

J. F. DALY, *J.* — It appears to me that the chief irregularity in the proceedings is the disposition made of the answer of M. J. Early, which put in issue all the material averments of the complaint; that defendant did not appear at the trial and the plaintiff was entitled to his inquest. The court did not dispose of the issues raised by the answer, for there was no trial and there are no findings, nor were the issues referred. The order of reference entered was such as is proper where there is no answer, or the general answer of an infant by its guardian (*Rule* 63, *Code, secs.* 1214, 1215, 1216). Where an issue is raised by the answer, it must be tried by the court or the issue must be referred. There is no other way to dispose of it in actions not triable by jury (*Code, secs.* 1008 *to* 1013, *both inclusive*). The inquest must be taken by the court if the defendant fails to appear at the trial. If not so taken, the whole issue should be referred. In this case it seemed to be assumed that because the defendant, answering, failed to appear, the case stood in the same position as if no answer had been interposed.

This not being a case embraced within the provisions of the sixty-third rule, it is perhaps not necessary to decide whether, under the new Code, the referee appointed pursuant to that rule must take the oath prescribed in section 1016. That section makes it imperative upon the referee to take the oath when he is appointed, as prescribed in the previous sections (1008 *to* 1015, *both inclusive*). Section 1015 prescribes, among others, for a reference by the court where it is neces-

The Exchange Fire Insurance Co. agt. Early.

sary for the information of the court, and this in terms covers the cases mentioned in Rule 63. The references provided for in section 1015 are all exclusive of trials of issues, and the referee in every case is bound to take the oath unless it be expressly waived. Where there are infant defendants or the defendants fail to appear, it cannot be waived.

The reference in the case before me, not being one contemplated by Rule 63 (because of the answer of M. J. Early putting the averments of the complaint in issue), was, if properly ordered, so ordered in pursuance of section 1015, and the referee should have taken the prescribed oath.

The judgment, as well as the sale under it, must be set aside, with the order of reference.